UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| TOM THOMPSON, | CASE NO. 10-CV-2165 W (RBB) |
|---|---|
| Plaintiff, | **ORDER GRANTING DEFENDANT'S SUMMARY-JUDGMENT MOTION [DOC. 37]** |
| vs. | |
| PATRICK R. DONAHOE, POSTMASTER GENERAL, | |
| Defendant. | |

Pending before the Court is Defendant Postmaster General Patrick R. Donahoe's summary-judgment motion. Plaintiff Tom Thompson opposes.

Having considered the parties' papers, the Court decides the matter on the papers submitted and without oral argument. See S.D. Cal Civ. R. 7.1(d.1). For the reasons stated below, the Court **GRANTS** Defendant's summary-judgment motion [Doc. 37].

I. **Relevant Background**

Plaintiff Tom Thompson was employed by the United States Postal Service ("USPS") as a letter carrier from approximately 1985 through November 2007.

Throughout his career, Thompson worked at the Grantville Post Office in San Diego, California (the "Grantville Station").

On September 5, 2006, Thompson filed an EEO Complaint of Discrimination in Postal Service. (*Def.'s NOL* [Doc. 37-2], Ex. 10.) The complaint alleged discrimination based on race, color, sex, age and disability. (*Id.*) On September 30, 2009, the EEOC Administrative Judge ("AJ") issued a decision finding that Thompson "was discriminated against in that he was harassed based on his physical disability," but that "[h]e was not discriminated against based on race, color, sex or age." (*Pl.'s NOL* [Doc. 38-3], Ex. D at 1.) The AJ ordered the following relief:

1. 192 hours of back pay and all benefits to which Thompson would have been entitled for the period from May 16 through July 18, 2007;
2. All existing discipline cited in his complaint was to be rescinded immediately and expunged from all records, including Thompson's personnel file;
3. $15,000 in compensatory damages, and $454.24 in pecuniary damages;
4. A minimum of 8 hours of training on the Rehabilitation Act and the Americans with Disabilities Amendments Act to Supervisor Velez and Manager Sotomayor, which was to be completed by January 31, 2010;
5. Notice to employees at the Grantville Station of the AJ's discrimination finding.

(*Id.* at 25.)

On October 26, 2009, the USPS issued a Notice of Final Action, in which it accepted the AJ's findings and agreed to implement the ordered relief. (*Pl.'s NOL*, Ex. E at 1.) The USPS also notified Thompson of his right to appeal to the EEOC, and right to file a civil action in the appropriate United States District Court. (*Id.* at 2.) On or about November 25, 2009, Thompson filed an administrative appeal with the EEOC's Office of Federal Operations ("OFO") seeking review of the amount of the AJ's award. (*See Id.*, Ex. F, Ex. G.)

Meanwhile, in November 2009, the USPS issued two checks to Thompson in the amount of $15,000 and $454.24, in satisfaction for the compensatory and pecuniary damages awarded by the AJ. (*Def.'s NOL*, Ex. 18.) While Thompson's appeal to the OFO was pending, he cashed the checks. (*Id.*, Ex. 19, Ex. 20.)

On October 15, 2010, Thompson filed this lawsuit. On January 5, 2011, Thompson filed the First Amended Complaint ("FAC"), asserting causes of action for employment discrimination based on race, age and disability. (*See FAC* [Doc. 10].) On October 21, 2011, the OFO issued its decision affirming the USPS's final order. (*Pl.'s NOL*, Ex. H.)

Defendant now seeks summary judgment on a number of grounds.

## II.  Legal Standard

Summary judgment is appropriate under Rule 56(c) where the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Freeman v. Arpaio, 125 F.3d 732, 735 (9th Cir. 1997). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. Id. at 322–23. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).

1    "The district court may limit its review to the documents submitted for the purpose
2 of summary judgment and those parts of the record specifically referenced therein."
3 Carmen v. S.F. Unified Sch. Dist., 237 F.3d 1026, 1030 (9th Cir. 2001).  Therefore, the
4 court is not obligated "to scour the record in search of a genuine issue of triable fact."
5 Keenan v. Allen, 91 F.3d 1275, 1279 (9th Cir. 1996) (citing Richards v. Combined Ins. Co.,
6 55 F.3d 247, 251 (7th Cir. 1995)).  If the moving party fails to discharge this initial burden,
7 summary judgment must be denied and the court need not consider the nonmoving party's
8 evidence.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 159–60 (1970).

9    If the moving party meets this initial burden, the nonmoving party cannot defeat
10 summary judgment merely by demonstrating "that there is some metaphysical doubt as to
11 the material facts."  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574,
12 586 (1986); Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995)
13 (citing Anderson, 477 U.S. at 252) ("The mere existence of a scintilla of evidence in
14 support of the nonmoving party's position is not sufficient.").  Rather, the nonmoving
15 party must "go beyond the pleadings and by her own affidavits, or by 'the depositions,
16 answers to interrogatories, and admissions on file,' designate 'specific facts showing that
17 there is a genuine issue for trial.'"  Celotex, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).

18    When making this determination, the court must view all inferences drawn from the
19 underlying facts in the light most favorable to the nonmoving party.  See Matsushita, 475
20 U.S. at 587.  "Credibility determinations, the weighing of evidence, and the drawing of
21 legitimate inferences from the facts are jury functions, not those of a judge, [when] he [or
22 she] is ruling on a motion for summary judgment."  Anderson, 477 U.S. at 255.

23

24 **III.   Discussion**

25    Title VII of the Civil Rights Act of 1964 requires an individual alleging that a federal
26 agency engaged in employment discrimination to seek administrative adjudication of the
27 claim.  *See generally*, 42 U.S.C. § 2000e-16.  The process begins with the employee or job
28 applicant filing a complaint with the employing agency, which then conducts an

investigation of the complaint. 29 CFR § 1614.106. The complainant may also request a hearing and decision from an administrative judge. Id. § 1614.108(f). Following the issuance of an administrative judge's decision, the employing agency must take final action by "issuing a final order . . . notify[ing] the complainant whether or not the agency will fully implement the decision of the [AJ] and shall contain notice of the complainant's right to appeal to the [EEOC], the right to file a civil action in federal district court, . . . and the applicable time limits for appeals and lawsuits." 29 CFR § 1614.110(a). Thus, a complainant dissatisfied with the AJ's decision may either file suit or appeal to the EEOC. Scott v. Johanns, 409 F.3d 466, 468 (D.C. Cir., 2005).

Where a complainant appeals to the EEOC, the Office of Federal Operations ("OFO") reviews the record, may request the parties to supplement the record, and then issues a decision. 29 CFR § 1614.404. The OFO's decision amounts to a final disposition that triggers the right to file a civil action. Id. §§ 1614.404, 1614.407.

A complainant who files a civil action may pursue one of two different avenues. Carver v. Holder, 606 F.3d 690, 695 (9th Cir. 2010). First, the complainant can file an enforcement action against the agency. Id. at 696 (citing Ellis v. England, 432 F.3d 1321, 1324 (11th Cir. 2005)). In an enforcement action, the complainant may only seek to ensure that the federal agency has complied with the OFO's remedial order, and may not challenge the OFO's decision or what it found to be the appropriate remedy. Id. at 696 (citing Laber v. Harvey, 438 F.3d 404, 417 (4th Cir. 2006) (*en banc*)).

Second, the employee may forego seeking to enforce the remedial order, and instead may file a discrimination action against the agency. Carver, 606 at 696 (citing 29 U.S.C. § 633a(c)). Such a civil action, however, is de novo, meaning that the issue of liability (i.e., whether the agency discriminated against the employee) and the remedies ordered must be relitigated. Id. at 696, 697. The AJ's findings are not binding in the discrimination action.

This case does not necessarily fall neatly into the procedures just discussed for two reasons. First, Thompson did not wait until the OFO issued its decision on his appeal

before filing this lawsuit. Nevertheless, the OFO has since issued a decision affirming the AJ's decision and neither party addressed whether this fact has any effect on this litigation.

Second, Thompson accepted the USPS's payment of damages when he deposited the two checks. Accordingly, one might assume that Thompson filed this lawsuit seeking to enforce the remainder of the OFO's award. But the FAC does not mention enforcement. Instead, having accepted the damage award in the administrative proceedings, Thompson has now filed a de novo action for discrimination. The USPS argues that under these circumstances, this Court lacks jurisdiction over this case. The Court agrees.

As discussed above, the procedural scheme allows a plaintiff that prevailed in the administrative proceeding to either accept the OFO's award and file an action in district court to enforce the remainder of the relief ordered, or to reject the OFO's decision and pursue a discrimination lawsuit, in which both the issue of liability and damages are relitigated. By cashing the USPS's checks and then immediately filing this lawsuit, Thompson is trying to use the OFO's award as a floor on his damages, while then filing this lawsuit in an attempt to obtain a larger award. Indeed, Thompson admits as much in his opposition by asserting that the OFO's award constitutes "interim relief" that he was entitled to receive while he pursues "this action in district court." (*Opp.* [Doc. 38], 11:8–10.) Not only does Thompson provide no authority for this position, but it is repugnant to the requirement that a complainant choose between filing an enforcement action *or* a de novo action for discrimination. The fact that the action is de novo necessarily negates Thompson's interim award theory, since it is possible that the USPS could prevail on the liability issue, in which case Thompson would not be entitled to any damages, or that Thompson would receive a smaller award.

Indeed, at least two district courts have held that a plaintiff cannot pursue a discrimination award after accepting the benefits of the OFO's remedial award. See St. Johns v. Potter, 299 F. Supp. 2d 125, 129 (E.D.N.Y., 2004) (reasoning that the "defendant has a right to expect that payment rendered in full satisfaction of a valid order of an

1  administrative agency will not be ignored or undone."); Legard v. England, 240 F.Supp.2d
2  538, 545 (E.D.Va., 2002) (finding the court lacked jurisdiction "when plaintiff has already
3  accepted the other relief granted at the administrative level"). This Court agrees and,
4  therefore, finds Thompson's claims for discrimination are barred.

### IV.  CONCLUSION AND ORDER

In light of the foregoing, the Court **GRANTS** Defendant's summary-judgment motion. Additionally, because nothing in the FAC suggests that Thompson is seeking to enforce the OFO's award, the Court finds this case must be dismissed.

**IT IS SO ORDERED.**

DATED: January 9, 2013

Hon. Thomas J. Whelan
United States District Judge